**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| JOSEPHINE ZINNAH, | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 25-40191-MRG |
| | ) | |
| LONG ERM SERVICES AND | ) | |
| SUPPORTS COMMUNITY | ) | |
| PARTNERS,  OPEN SKY, CENTRO | ) | |
| LAS AMERICA, and EMPIRE LOANS, | ) | |
| Defendants | ) | |
| | ) | |

**MEMORANDUM AND ORDER**
**August 5, 2026**

**GUZMAN, D.J.**

Plaintiff Josephine Zinnah initiated this action by filing a *pro se* complaint (ECF 1) and a motion for leave to proceed *in forma pauperis* (ECF 3).  Zinnah subsequently filed three motions for a restraining/harassment order.  (ECF 4 – 5, 10).  For the reasons set forth below, the Court allows the motion (ECF 3) for leave to proceed *in forma pauperis* , denies the motions for a restraining/harassment order, and directs Zinnah to file an amended complaint that pleads a basis for this Court's jurisdiction and states a plausible claim upon which relief may be granted.

I.      Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Zinnah's motion for leave to proceed *in forma pauperis*, the Court GRANTS the same.

II.     Motions for a Restraining/Harassment Order

The motions for a restraining/harassment order (ECF 4 – 5, 10) are DENIED WITHOUT PREJUDICE.  As an initial matter, it is unclear the exact nature of the relief sought by Zinnah.

In addition, she has  failed to satisfy the requirements pursuant to the Court's Local Rules or Federal Rule of Civil Procedure 65, which require, among other things, (1) the submission of a memorandum of reasons to support any motion, see Local Rule 7.1(b)(1); and (2) either notice to the adverse party or certification to support an ex parte order, see Fed. R. Civ. P. 65(b)(1); see also Eze v. Appleyard, 2013 WL 5604292, at *2 (D. Mass. Oct. 10, 2013) ("[Plaintiff] has not certified his efforts to give notice to the defendants of his motion for emergency relief or explained why such notice should not be required. His failure to meet the requirements of Fed. R. Civ. P. 65(b)(1)(B) provides sufficient ground for denial of a motion for a temporary restraining order."); DuBois v. Alves, 2022 WL 4376041, at *5 (D. Mass. Aug. 22, 2022) (denying motion in part due to the failure to comply with Local Rules or Federal Rule of Civil Procedure 65).  As such, Zinnah's requests for emergency temporary restraining orders are DENIED without prejudice.

III.    Review of the Complaint

Because Zinnah is proceeding *in forma pauperis*, her complaint is subject to a preliminary screening.  Under federal law, the Court may dismiss the complaint of a plaintiff proceeding *in forma pauperis* if the claims in the pleading lack an arguable basis in law or in fact.  See 28 U.S.C. § 1915(e)(2) (providing for the dismissal of an *in forma pauperis* complaint that is "frivolous"); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (stating that a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact," and that the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation").  As Zinnah is not represented by an attorney, the Court construes her complaint more liberally than a pleading drafted by a lawyer.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Plaintiff's complaint consists of twelve handwritten pages accompanied by dozens of exhibits. (ECF 1). The civil cover sheet identifies the defendants as follows: (1) Long Term Services and Supports Community Partners, (2) Open Sky, (3) Centro Las America, and (4) Empire Loans. (ECF 1-2 at 1). Zinnah checked the box indicating "civil rights" as the nature of suit. Id. at ¶ IV. She does not list a cause of action. Id. at ¶ VI.

Upon review of the complaint, the Court finds that Zinnah fails to state a claim upon which relief may be granted. Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "The fundamental purpose" of pleading rules like Rule 8 "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008). Rule 8's requirement of a "short and plain statement" protects defendants and courts from the "unjustified burden" of parsing and responding to unnecessarily lengthy pleadings. Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 57-58 (D. Mass. 2015) (quotation marks omitted).

Rules 8(d) and 10(b) impose additional requirements intended to further advance the fundamental purposes of giving defendants fair notice of the claims asserted against them and permitting them to formulate cogent answers and defenses to those claims. Specifically, Rule 8(d) requires "simple, concise, and direct" allegations, while Rule 10(b) mandates that claims be conveyed "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

3

Even construed liberally, Zinnah's complaint does not satisfy the pleading requirements set forth in the Federal Rules of Civil Procedure.  It is not "short and plain," its allegations are not "simple, concise, and direct," and it fails to contain paragraphs that are "numbered" and "limited to a single set of circumstances."  Fed. R. Civ. P. 8(a)(2), 8(d), 10(b).  It is impossible to discern from the complaint precisely who Zinnah alleges is liable for what alleged misconduct.

To the extent Zinnah wishes to proceed, an amended complaint must be filed.  Any amended complaint—a new stand-alone document—must set forth plausible claims upon which relief can be granted.  Any amended complaint should, in numbered paragraphs, focus on the legal claims against each defendant, along with the basis for such claims.  Fed. R. Civ. P. 10(b) (the claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").  An amended "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally."  Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

As an amended complaint completely replaces the original complaint, see Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011), Zinnah should include in the amended complaint any allegations in the original complaint that she wishes to be part of the operative complaint.  If an amended complaint is filed, it will be subject to screening.

IV.    Conclusion

Accordingly, the Court hereby orders:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* (ECF 3) is granted.

2.    Plaintiff's motions for a restraining/harassment order (ECF 4 – 5, 10) are denied without prejudice.

4

3.      If Zinnah wishes to prosecute this action, she must, within twenty-eight (28) days, file an amended complaint that provides a basis for this Court's jurisdiction and states a plausible claim upon which relief may be granted.  Failure to do so may result in dismissal of this action.

**SO ORDERED.**

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge

Dated:  August 5, 2026